UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TERRY TINKER and LAUREL TINKER,

            **COMPLAINT AND**
      Plaintiffs,    **JURY DEMAND**

 -against-

UNITED STATES OLYMPIC COMMITTEE,  Docket No.
and DAVID W. ALDRICH,

      Defendants.    11 CIV 7739
-----------------------------------------------------------------X

  Plaintiffs TERRY TINKER and LAUREL TINKER, by and through their attorneys, RAS ASSOCIATES, PLLC, complaining of the Defendants, UNITED STATES OLYMPIC COMMITTEE, and DAVID W. ALDRICH, allege as follows upon information and belief:

### JURY DEMAND

1. Plaintiffs demand a trial by jury on all issues.

### JURISDICTION AND VENUE

2. Jurisdiction in this matter is based upon the diversity provisions of 28 U.S.C. §1332.

3. The amount in controversy exceeds the sum of SEVENTY FIVE THOUSAND and 00/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

4. That at all times mentioned herein, Plaintiffs TERRY TINKER and LAUREL TINKER ("Plaintiffs") were domiciliaries of the State of Maine, residing at 236 Goose Cove Road, Trenton, Maine 04605.

5. That at all times hereinafter mentioned, Plaintiffs were lawfully married.

6. That on or prior to September 19, 2011, Defendant UNITED STATES OLYMPIC COMMITTEE ("USOC"), was a foreign not for profit corporation, duly registered with the New York Secretary of State to conduct business in New York County.

7. That at all relevant times herein, Defendant USOC maintained offices in the State of New York, New York County, at 521 Fifth Avenue, New York, New York 10175.

8. That by reason of the foregoing, and its registration with the New York Secretary of State to conduct its New York State business activities in New York County, venue is proper in this Court.

9. That on and prior to September 19, 2011, the USOC did permanently conduct business in the State of New York, owning and/or operating athletic training centers in the State of New York for training of participants in various competitions for athletic events in winter Olympic sports for upcoming Olympic Games.

10. That on and prior to September 19, 2011, the USOC did derive substantial benefits from the ownership and operation of athletic centers in the State of New York.

11. That on and prior to September 19, 2011, the USOC did provide transportation for athletes and others training for, and attendant to, its efforts to prepare athletes for participation in international athletic events, including the upcoming winter Olympics.

12. That on and prior to September 19, 2011, the USOC owned vehicles used for the transportation of its employees, athletes, and others, in connection with the transportation of such individuals incident to its activities in the State of New York.

13. That on and prior to September 19, 2011, the USOC operated vehicles in the State of New York for the transportation of its employees, athletes, and others, in connection with the transportation of such individuals incident to its activities in the State of New York.

14. That on and prior to September 19, 2011, the USOC employed vehicle drivers performing transportation services in and through the State of New York for the transportation of its employees, athletes, and others, in connection with the transportation of such individuals incident to its activities in the State of New York.

15. That by reason of the foregoing, and the substantive law of the State of New York as embodied in CPLR 302(a)(2), this Court has personal jurisdiction over Defendant USOC.

16. That on September 19, 2011, the USOC did own a 2009 Chevrolet Suburban vehicle, with New York State registration number 299ESX ("USOC Suburban").

17. That at all times hereinafter mentioned, defendant DAVID W. ALDRICH ("ALDRICH") was a natural person domiciled in the State of Washington, residing at 7801 Greenwood Ave, apartment 304, Seattle, Washington 98103.

18. That on and prior to September 19, 2011, Defendant ALDRICH was an employee of Defendant USOC.

19. That at all relevant times herein, on September 19, 2011, Defendant ALDRICH operated the aforesaid USOC Suburban in the course of his employment with the Defendant USOC.

20. That at all relevant times herein, the Defendant USOC, both as the owner of the USOC Suburban, and as the employer of Defendant ALDRICH, was and is vicariously liable for the acts and omissions of Defendant ALDRICH in the operation of the USOC Suburban.

21. That at all relevant times herein, on September 19, 2011, Plaintiff TERRY TINKER operated a 2008 Honda Motorcycle, with Maine registration number YBN ORML ("Honda Motorcycle").

22. That at all relevant times herein, on September 19, 2011, Plaintiff LAUREL TINKER was a passenger on the Honda Motorcycle.

23. That on September 19, 2011, at or about Route 86 and Morningside Drive, in Lake Placid, New York, the vehicles driven by Defendant ALDRICH and TERRY TINKER, respectively, collided.

24. That by reason of the foregoing, and pursuant to the substantive law of the State of New York, as embodied in the long arm jurisdiction provisions of CPLR 302(a)(2), this Court has personal jurisdiction over Defendant ALDRICH.

25. That as a result of the aforesaid collision, Defendant ALDRICH was issued a summons for violation of New York State Vehicle and Traffic Law §1111(d)(1).

26. That prior to the aforesaid collision, Defendant ALDRICH did violate New York State Vehicle and Traffic Law §1111(d)(1), which caused the aforesaid collision.

27. That as a result of the aforesaid collision, Defendant ALDRICH was issued a summons for violation of New York State Vehicle and Traffic Law §5091.

28. That prior to the aforesaid collision, Defendant ALDRICH did violate New York State Vehicle and Traffic Law §5091, which caused the aforesaid collision.

29. That Defendants are each responsible for the aforesaid violations of the Vehicle and Traffic Law, which, individually and collectively, constitute negligence *per se*.

30. That at the time and place hereinbefore described, the two vehicles were caused to collide solely as a result of the negligence of the defendants, and each of them individually.

31. That as a result of the aforesaid collision, Plaintiffs sustained significant and serious personal injuries and were caused to sustain and experience emotional distress, conscious pain and suffering, and terror.

32. That the claims asserted in this action constitute exceptions to, and are outside the scope of, CPLR 1601.

33. That pursuant to Vehicle and Traffic Law section 388, one or more of the defendants herein are liable for the injuries to Plaintiffs.

34. That pursuant to the New York State Vehicle and Traffic Law, Defendant USOC, as owner of the USOC Suburban, is vicariously liable for the acts and omissions of Defendant ALDRICH in the operation of the USOC Suburban at the aforesaid time and place.

## AS AND FOR A FIRST CAUSE OF ACTION

35. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through and including "34" above, as if fully set forth herein.

36. That as a result of the foregoing, plaintiffs each suffered mental anguish and terror of the impending collision, and anticipated injuries.

37. That immediately following the aforesaid collision, and up to the present, each of the Plaintiffs has endured great and severe conscious pain and suffering.

38. That Plaintiffs shall, as a result of the aforedescribed injuries, suffered great physical injury, pain, and anguish, and will continue to suffer into the future.

39. That individually, and collectively, the various severe injuries suffered by Plaintiffs constitute "serious injuries" pursuant to New York Insurance Law sections 5102 and 5104.

40. That as a result of the foregoing, Defendants, and each of them jointly and severally, are liable to Plaintiffs, for compensatory damages for mental anguish, and conscious pain, and suffering, in an amount exceeding the jurisdictional limits of all lower courts.

41. That as the sole and direct result of the foregoing, Plaintiffs have sustained damages in the amount of one million five hundred thousand dollars ($1,500,000.00).

## AS AND FOR A SECOND CAUSE OF ACTION

42. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through and including "41" above, as if fully set forth herein.

43. That as a result of the aforesaid collision, and the resulting severe injuries sustained by Plaintiff TERRY TINKER, Plaintiff LAUREL TINKER lost the consortium and services of her husband, plaintiff TERRY TINKER.

44. That as a result of the foregoing, Defendants, and each of them jointly and severally, are liable to Plaintiff LAUREL TINKER for damages for the loss of Plaintiff TERRY TINKER's services.

45.     That as the sole and direct result of the foregoing, Plaintiff LAUREL TINKER has sustained damages in the amount of five hundred thousand dollars ($500,000.00).

## AS AND FOR A THIRD CAUSE OF ACTION

46.     Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through and including "45" above, as if fully set forth herein.

47.     That as a result of the aforesaid collision, and the resulting severe injuries sustained by Plaintiff LAUREL TINKER, Plaintiff TERRY TINKER lost the consortium and services of his wife, plaintiff LAUREL TINKER.

48.     That as a result of the foregoing, Defendants, and each of them jointly and severally, are liable to Plaintiff TERRY TINKER for damages for the loss of Plaintiff LAUREL TINKER's services.

49.     That as the sole and direct result of the foregoing, Plaintiff TERRY TINKER has sustained damages in the amount of five hundred thousand dollars ($500,000.00).

WHEREFORE, plaintiffs demand judgment against each of the defendants, jointly and severally, with costs, disbursements and attorneys' fees as follows:

On the First Cause of Action in the amount of one million five hundred thousand dollars ($1,500,000); and

On the Second Cause of Action in the amount of five hundred thousand dollars ($500,000.00); and

On the Third Cause of Action in the amount of five hundred thousand dollars ($500,000.00);

together with the interest, costs and disbursements of this action.

DATED:   White Plains, New York.
         October 27, 2011

Yours, etc.,

BY: Luis F. Ras (9989)
RAS ASSOCIATES, PLLC
Attorneys for Plaintiffs
10 Bank Street, Suite 650
White Plains, NY 10606
(914) 948-5700